UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SHARON LYNN THURMAN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | No. 1:17-cv-03876-JMS-DML |
| ) | |
| TRUSTEE, JUDGE MOBY, ) | |
| United States Trustee NANCY J. GARGULA, ) | |
| ) | |
| Appellees. ) | |

## **ORDER**

Appellant Sharon Lynn Thurman has a pending Chapter 7 Bankruptcy Petition in the U.S. Bankruptcy Court for the Southern District of Indiana. *See In re Thurman*, Bank. No. 17-01904 (Bank. S.D. Ind.). On October 12, 2017, the Bankruptcy Court granted the United States Trustee's ("the Trustee") Motion for Extension to Time to File a Complaint to Deny Discharge. [Bank. Dkt. No. 67.] On October 25, 2017, Ms. Thurman filed in this Court a Notice of Appeal, challenging the Bankruptcy Court's order granting an extension of time. [Filing No. 1.] Presently pending before the Court is the Trustee's Motion to Dismiss that appeal. [Filing No. 6.] Ms. Thurman did not file a response to that Motion.

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees; ... and ... with leave of the court, from other interlocutory orders and decrees ... of bankruptcy judges entered in cases." 28 U.S.C. § 158(a). Final orders subject to 28 U.S.C. § 158(a)(1) are immediately appealable as a matter of right, while interlocutory orders subject to 28 U.S.C. § 158(a)(3) may only be appealed with leave of the district court. That leave is granted "at the discretion of the district court," and should be granted only where there are "extraordinary circumstances" justifying interlocutory review. *In re Eastern Livestock Co., LLC*

1

*v. Trustee*, 2013 WL 4479096, at *3 (S.D. Ind. 2013). Courts have generally looked to the standard articulated in 28 U.S.C. § 1292(b) as guiding the analysis of whether an interlocutory appeal is appropriate. *See, e.g., Ahrenholz v. Bd. Of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (describing the standard as requiring that the order appealed from "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation").

An order granting an extension of time in a pending bankruptcy petition is not a final appealable order: it resolves neither the substantive rights of the parties, nor a stand-alone dispute. *See Shaumberg Bank & Trust Co., N.A. v. Alsterda*, 815 F.3d 306, 312-14 (7th Cir. 2016). Ms. Thurman's appeal is interlocutory, and is therefore subject to the heightened standard for discretionary review outlined above.[1] Ms. Thurman has provided no explanation as to why her appeal presents any extraordinary circumstance that would justify interlocutory review. And she does not contend that her appeal meets any of the criteria listed in 28 U.S.C. § 1292(b). It does not involve a controlling question of law, and according to the Trustee's undisputed argument, denial of the extension of time (the outcome sought by Ms. Thurman on appeal) would actually hinder, and not materially advance the litigation.

Accordingly, the Court **GRANTS** the Trustee's Motion to Dismiss Ms. Thurman's appeal. [Filing No. 6.]

Final judgment shall issue separately.

---

[1] The Court construes Ms. Thurman's Notice of Appeal as a motion for leave to file an interlocutory appeal, as required by 28 U.S.C. § 158(a).

Date: 1/24/2018

*Jane Magnus-Stinson* (signature)

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

SHARON LYNN THURMAN
6036 E 42nd Street
Indianapolis, IN 46226

Ellen Lynn Triebold
U.S. TRUSTEES OFFICE
ellen.l.triebold@usdoj.gov